# FOX *a.* HEATH.

*New York Common Pleas; General Term, July,* 1863.

INFANCY.—ASSIGNMENT.—ESTOPPEL.—EVIDENCE.—GROUNDS OF RELIEF.

A general assignment for the benefit of creditors by an infant, or by a partnership, one of whose members is an infant, is void, as against creditors.

Estoppel by deed affects only parties and privies, and they alone can take advantage of it. It operates only in those cases where a particular fact appears to have formed the inducement for making it ; and then, for the purpose of avoiding circuity of action, the party asserting the fact will be estopped from denying it.

An estoppel must be reciprocal. Both parties must be bound by the recital, or neither is.

In an action by a creditor to set aside the assignment of a partnership as fraudulent, the defendants are not estopped from proving that a party to the assignment, and declared therein to be a member of the firm, was not so in fact.

A creditor cannot avoid an assignment made by his debtor, merely on the ground that it contains a provision which is illegal, if such provision tends to his benefit and not to his injury. A party, to have any standing in court, must show himself to be injured by the acts of those of whom he complains.

Appeal from a judgment.

This action was brought by Henry C. Fox against Henry Heath, Robert D. Wynkoop, Robert D. Wynkoop, Jr., and Gustavus A. Rollins, to set aside an assignment.

The defendants, Heath and Wynkoops, doing business in the city of New York, under the firm-name of Heath, Wynkoop & Co., on the 23d day of May, 1861, made a general assignment to the defendant, Rollins, of all their property, in trust, for the benefit of their creditors, each executing the deed of assignment. Robert D. Wynkoop, Jr., was, at the time of its execution, and was now a minor. The action was tried in 1862, before Hon. C. P. Daly, F. J., and judgment was ordered for the plaintiff, declaring and adjudging, among other things, the assignment to be void, both on the ground of minority of one of the assignors, and for objections appearing on its face and set forth in the complaint. The infant had not in any way avoided or

disaffirmed his deed, and was a party defendant to this action. The defendants appealed.

*Tomlinson & Brigham*, for the appellants.—I. The assignment is valid, notwithstanding the minority of one of the assignors. Conceding him to be a partner, the most he could claim would be his share of the surplus, should the partnership ultimately prove solvent. (Furlong *a*. Bartlett, 21 *Pick.*, 401.)

II. Conceding that the act of the infant is not absolutely binding on him, it is, at most, voidable only. (1 *Am. Lead. Cas.*, 243, *et seq.*; Oliver *a*. Hondlet, 13 *Mass.*, 237; Roberts *a*. Wiggin, 1 *N. H.*, 73; Kline *a*. Beebe, 6 *Conn.*, 494; Gillett *a*. Stanly, 1 *Hill*, 121; Sherman *a*. Garfield, 1 *Den.*, 329; Eagle Fire Ins. Co. *a*. Lent, 6 *Paige*, 638; Whitney *a*. Dutch, 14 *Mass.*, 457; 1 *Pars. on Cont.*, 244; *Pars. Merc. Law.*, 4; Goodsill *a*. Myers, 3 *Wend.*, 479; Fonda *a*. Van Horne, 15 *Ib.*, 635; Bool *a*. Mix, 17 *Ib.*, 119; Everson *a*. Carpenter, *Ib.*, 419; Mason *a*. Denison, 15 *Ib.*, 64.) It is a general proposition that, whoever may deal with the legal estate may vest it in a trustee. (*Lewin on Trusts*, 24, margin; Wetmore *a*. Kissam, 3 *Bosw.*, 321; Temple *a*. Hawley, 1 *Sandf. Ch.*, 153.) It is an equitable rule, and most for the infant's benefit, that all his conveyances should be regarded as voidable only. (*Bingham on Infancy*, 8.)

III. If the act be voidable, the infant alone can declare it void. His privilege is personal—no one can exercise or interfere with it. He must be left at liberty to affirm his act, and until he disaffirms, it is the act of an adult. And no one has the right to anticipate his disaffirmance. (Slocum *a*. Hooker, 13 *Barb.*, 541; Allen *a*. Allen, 2 *Dru. & War.*, 307; Dwyer *a*. Eadie, *Park on Ins.*, 739; Palmer *a*. Miller, 25 *Barb.*, 399; Cole *a*. Pennoyer, 14 *Ill.*, 236; Van Nostrand *a*. Wright, *Hill & De.*, 260; Nightingale *a*. Withington, 15 *Mass.*, 272; *Edw. on Bailm.*, 50; *Pars. Merc. Law*, 6; Stuart *a*. Baker, 17 *Tex.*, 417.) The very essence of an act voidable, is that it may be affirmed; that it is binding until disaffirmed by the infant. (*Hob.* 77; Van Bramer *a*. Cooper, 2 *Johns.*, 279; Hartness *a*. Thompson, 5 *Ib.*, 160; Dominick *a*. Michael, 4 *Sandf.*, 374; Rose *a*. Daniel, 3 *Brevard*, 438; 4 *Taunt.*, 469; 6 *Ib.*, 118; 2 *Strange*, 938; 3 *Mod.*, 310.)

IV. It is no objection that the assignment first provides for the payment of all the partnership debts out of the common fund formed by the·proceeds of copartnership and individual property. 1. The law is well settled that copartners may make such an appropriation. The preferred creditors are partnership creditors. (Kirby *a.* Schoonmaker, 3 *Barb. Ch.*, 46; Van Rossum *a.* Walker, 11 *Barb.*, 237; Smith *a.* Howard, 20 *How. Pr.*, 121.) 2. The objection cannot be raised by a copartnership creditor. His fund is benefited.

V. The judge erred in excluding testimony as to the nature of the connection of the minor with the firm. 1. The plaintiff had not alleged a copartnership. He made the deed of assignment a part of the complaint, but the assignment contains no recital, properly speaking, of a copartnership. Following the names of the assignors are the words " copartners, doing business," &c. These are words descriptive of the persons, and are not a solemn recital of a fact. There is no direct traversable allegation. (2 *Smith's Lead. Cas.*, 435, 625, 637, 643; Dempsey *a.* Tylee, 3 *Duer*, 73, 100; Huntington *a.* Havens, 5 *Johns. Ch.*, 23; Borst *a.* Cary, 16 *Barb.*, 136; *Tomlin's Law Dict.*, tit. *Estoppel.*) 2. But, in any event, the recitals in a deed estop none but parties and privies thereto, and they alone are entitled to the benefit of such estoppel, and strangers to the deed are not bound by its terms or recitals, nor can they take advantage of it. An estoppel must be reciprocal. (Maybee *a.* Griffin, 2 *E. D. Smith*, 1; Sparrow *a.* Kingman, 1 *N. Y.*, 242, and cases; Averill *a.* Wilson, 4 *Barb.*, 180; Champlain & St. Lawrence R. R. Co. *a.* Valentine, 19 *Ib.*, 484;·Jewell *a.* Harrington, 19 *Wend.*, 471; Carpenter *a.* Buller, 8 *M. & W.*, 209; 1 *Saund. Ev.*, 215, note B; 1 *Greenleaf on Ev.*, 257, *note; Ib.*, 28, 29, and *note; Com. Dig.*, tit. *Estoppel*, D.) 3. In this case the doctrine of estoppel does not apply. The defendants, by the offer, seek to introduce evidence to uphold and effectuate, not to destroy, the instrument. 4. In equity there is no estoppel. (1 *Saund. Pl. & Ev.*, 44; *Com. Dig.*, tit. *Estoppel.*)

*Sanford & Fowler*, for the respondent.—I. All the evidence offered by the defendants and excluded by the court was clearly incompetent, and rightfully rejected. They were estopped to deny the existence of the partnership, or that property pre-

tended to be assigned by the assignment in question, as partnership property, was the property of all the assignors jointly.

II. The assignment set out in the complaint is, upon its face, and in matter of law, fraudulent and void. By the assignment, all the property of the assignors of every kind, both real and personal, both as copartners and individuals, is conveyed to the assignees. (Driscoll *a.* Fiske, 21 *Pick.*, 503; Wheaton *a.* Fisher, 2 *S. & Rawle*, 178; Clarke *a.* Mix, 15 *Cow.*, 152; Pike *a.* Bacon, 8 *Shep.*, 280; Boylston Man. Co. *a.* Searle, 15 *Pick.*, 229; Platt *a.* Lott, 17 *N. Y.*, 479.) The distribution directed by the provisions of the assignment are illegal. Individual property of the assignors is directed to be applied to payment of copartnership creditors, in preference of individual creditors of the assignors. These provisions are, in law, a fraud upon individual creditors of the assignors. The converse of the proposition involved is now well settled by the case of Wilson *a.* Robertson (21 *N. Y.*, 587). The decisions bearing upon the case are: Egberts *a.* Wood (3 *Paige*, 519); Payne *a.* Matthews (6 *Ib.*, 19); Hutchinson *a.* Smith (7 *Ib.*, 26); Jackson *a.* Cornell (1 *Sandf. Ch.*, 348); Kirby *a.* Schoonmaker (3 *Barb. Ch.*, 46); Van Corsum *a.* Walker (11 *Barb.*, 240); Nicholson *a.* Leavitt (4 *Sandf.*, 252); Murril *a.* Neill (8 *How. U. S.*, 418); McCullock *a.* Momerville (8 *Leigh*, 415). An assignment void in part is void in toto. (Hyslop *a.* Clark, 14 *Johns.*, 465; Austin *a.* Bell, 20 *Ib.*, 449; Mackie *a.* Cairns, 5 *Cow.*, 579; Wakeman *a.* Grover, 4 *Paige*, 23; Grover *a.* Wakeman, 11 *Wend.*, 187, 195; Rogers *a.* De Forest, 7 *Paige*, 272; Goodrich *a.* Downs, 6 *Hill*, 438; Leitch *a.* Hollister, 4 *N. Y.*, 215; Hone *a.* Henriquez, 13 *Wend.*, 243.)

III. A minor cannot make a general assignment for the benefit of creditors. (*Burrill on Ass'ts*, 37; *Angel on Ass'ts*, 48.) The essential characteristic of an assignment is the creation of an agent or attorney to act for the assignor. This act by a minor is not only voidable, but absolutely void. (1 *Am. L. Cas.*, 247; 1 *Rev. Stat.*, 727, 732.) No number of copartners less than the whole can execute a general assignment of the partnership assets for the benefit of creditors, in contemplation of the insolvency of the copartnership, without the authority or consent of those not joining. (1 *Am. L. Cas.*, 444; *Burrill on Ass'ts*, 60; Havens *a.* Hassey, 5 *Paige*, 30; Denning *a.* Colt,

Fox *a.* Heath.

3 *Sandf.*, 284; Hayes *a.* Heyer, *Ib.*, 284, 293; Fisher *a.* Murray, 1 *E. D. Smith*, 341; Pettu *a.* Orson, 18 *How. Pr.*, 442.) A minor cannot consent to the execution of an assignment. (1 *Am. L. Cas.*, 247, 249.) It was not competent for the appellants to show that there were no individual creditors—or individual property in fact; or that, in fact, the assignors intended no fraud. (Bordman *a.* Halliday, 10 *Paige*, 229, 230; Goodrich *a.* Downs, 6 *Hill*, 438; Strong *a.* Skinner, 4 *Barb.*, 547, 559; Cole *a.* Jessup, 2 *Ib.*, 307; Griffin *a.* Barney, 2 *N. Y.*, 365, 371; Leitch *a.* Hollister, 4 *Ib.*, 214; Colcomb *a.* Caldwell, 16 *Ib.*, 486; Driscoll *a.* Fiske, 21 *Pick.*, 503; Wilson *a.* Hanson, 3 *Fairf.*, 58; Dana *a.* Dull, 17 *Vermont*, 390; Webb *a.* Daggett, 2 *Barb.*, 9.)

By the Court.*—Hilton, J.—When this case was before us on appeal from the order made at special term, appointing a receiver of the partnership property of the defendants Heath and Wynkoops, assigned by them to the defendant Rollins, we held that the assignment in question was void as to the plaintiff, who is a creditor of the partnership, because it appeared that Robert D. Wynkoop, Jr., one of the partners joining in the assignment, was at the time of making it, an infant under the age of twenty-one years. At the trial, and for the purpose of avoiding this difficulty, the defendants offered to prove that Robert D. Wynkoop, Jr., never had any interest in the property so assigned for the benefit of the creditors of the firm of Heath, Wynkoop & Co.; that he was in effect but a nominal partner, who contributed nothing to the capital of the firm, and was to receive but a nominal sum per annum for his services.

I think this evidence was erroneously rejected, as its effect, if admitted, was to establish that the defendant Robert D. Wynkoop, Jr., upon hereafter arriving at maturity would possess no right to devest the defendant Rollins of the interest which passed to him in the property transferred by the assignment.

But it is claimed that the defendants having stated in the assignment, that Robert D. Wynkoop, Jr., was a partner in the firm, they must be now held estopped from denying it. It

---

* Present, Daly, F. J., Hilton and Brady, JJ

seems to me, however, that the rule of estoppel has no appli-
cability to a case like the present. Estoppel by deed only af-
fects parties and privies, and they alone can take advantage of
it.   It only operates in those cases where a particular fact re-
cited in a contract appears to have formed the inducement for
making it, and then for the purpose of avoiding circuity of ac-
tion, the party asserting the fact will be estopped from denying
its existence.   (Sparrow *a.* Kingman, 1 *N. Y.*, 242 ; and cases
cited.)

Here the plaintiff is neither party or privy to the assign-
ment, nor was the statement in it as to who composed the firm
of Heath, Wynkoop & Co., material in any sense, either as an
inducement or otherwise.

Besides, another element of an estoppel is, that it must be
reciprocal.   Both parties must be bound by the recital, or
neither is concluded by it.   I suppose it would not be con-
tended that the assignee, Rollins, would be bound by such
general words as is contained in the assignment respecting who
composed the firm, and if he, claiming under the instrument,
would not be concluded, surely the plaintiff claiming in hos-
tility to it should not.

A remaining objection urged against the validity of this as-
signment is, that it is void because the assignors have con-
veyed all their property, individual as well as joint, for the
payment first of the partnership debts, and any residue re-
maining to be applied to the payment of their individual cred-
itors.   It is urged that this is a fraud upon the individual
creditors, and such a fraud as renders the instrument invalid
as to all.   I am unable to perceive any force in this objection,
coming as it does from a partnership creditor who is benefited
by this increase of the fund out of which he is to be paid.   A
party to have any standing in court, must first show himself to
be injured by the acts of those of whom he complains ; here, if
this objection had any force, it would have the effect of revers-
ing the rule stated, as it would permit a party to come into
court, and complain of another for conferring upon him a
benefit.

The judgment should be reversed, and new trial ordered, with
costs to abide the event.